```
                                                    CLERK, U.S. BANKRUPTCY COURT
1  MICHAEL R. WARE                                     DISTRICT OF OREGON
   3491 Sterling Crk. Rd.
   Jacksonville, OR 97530                              JAN 20 2009
2  541-899-2785

3                                                   LODGED_____ REC'D_____
                                                    PAID_____ DOCKETED___

4              IN THE UNITED STATES BANKRUPTCY COURT

5                   FOR THE DISTRICT OF OREGON

6

7  In re:                        )
                                 )
8  MICHAEL R. WARE,              ) Case No.: 08-62504-fra7
                                 )
9          Debtor.               ) Adv. Pro. No.: 09-6007-fra
                                 )
10 MICHAEL R. WARE               ) COMPLAINT ALLEGING VIOLATIONS OF
                                 ) OREGON UNLAWFUL TRADE PRACTICES
11         Plaintiff,            ) ACT, THE FDIC FAIR CREDIT BILLING
                                 ) ACT AND CREDIT PRACTICES RULE,
12    v.                         ) BREACH OF GOOD FAITH DUTY, BREACH
                                 ) OF FIDUCIARY DUTY, AND FRAUD
13 BANK OF AMERICA               )
   TOWN AND COUNTRY CHEVROLET    )
14 GENERAL MOTORS CORPORATION    )
                                 )
15         Defendants.           )
```

16

17      COME NOW the Debtor, Michael R. Ware, to make a complaint against

18 Bank of America, Town and Country Chevrolet, and General Motors

19 Corporation in an adverse proceeding within case number 08-62504-fra7.

20      By the defendants' breach of their duty of good faith to

21 buyer/borrower and breach of their fiduciary duties, defendants'

22 negligently caused economic duress and irreparable harm to plaintiff's

23 livelihood and welfare through violation of the Uniform Commercial

24 Codes (UCC) of the United States and the State of Oregon; the FDIC Fair

25

Page 1 - COMPLAINT ALLEGING VIOLATIONS OF OREGON UNLAWFUL TRADE
PRACTICES ACT, THE FDIC FAIR CREDIT BILLING ACT AND CREDIT PRACTICES
RULE, BREACH OF GOOD FAITH DUTY, BREACH OF FIDUCIARY DUTY, AND FRAUD

Credit Billing Act and Credit Practices Rule; and violation of the Oregon Unlawful Trade Practices Act. Plaintiff, Michael R. Ware alleges at all times material herein:

### Jurisdiction

This matter comes before the United States Bankruptcy Court District of Oregon and involves core and non-core matters and involves parties inside and outside of the bankruptcy proceedings, of which and whom, should be litigated jointly to reduce confusion and expense.

### Parties

1. Plaintiff, Michael R. Ware, resides at 3491 Sterling Crk Rd., Jackonsville, OR 97530.

2. First defendant, Bank of America, is an international banking system and does business in Oregon with headquarters located at 100 North Tryon Street, Charlotte, NC 28202.

3. Second defendant, Town and Country Chevrolet, is an Oregon new car dealership located at 2045 Hwy 99 North, Ashland, OR 97520, Oregon Dealer Number DA 2399

4. Third defendant, General Motors Corporation, is an international fabricator/manufacturer and does business nationwide including Oregon through dealerships and parts businesses and its headquarters is located in Detroit, MI. and the mailing address is: General Motors Corporation, P.O. Box 33170, Detroit, MI 48232-5170

### General Factual Allegations

5. On October 1, 2003, plaintiff walked into the Town and Country Chevrolet (TC Chevy) Showroom where a salesman named Scott asked the

plaintiff if he needed any help. Plaintiff stated he was looking for a 4 wheel drive pick-up truck preferably a diesel for heavy hauling that would pull a fully loaded 16,000 lb trailer. Whether it had a crew cab or not didn't really matter, but it would be nice. The salesman took the plaintiff around the lot and showed the plaintiff all sorts of trucks. The plaintiff was about to leave TC Chevy when he was told by the sales manager that a "Work Truck" was on its way down from Salem and to wait just a little while until it arrived. After what seemed like a two hour wait, the truck finally arrived. It was a 2007 Chevy 2500HD Silverado "Work Truck" with the trailer package. The salesmen said that it was the truck that plaintiff wanted, so we proceeded to negotiate and to finance the transaction with Bank of America which wasn't TC Chevy's first choice or plaintiff's either, because Bank of America didn't want to finance it under the business name, but plaintiff was told by 5 Star Credit that they would refinance under plaintiff's business name, so TC Chevy started the financing with Bank of America. The truck had an electrical problem with the speedometer and all the info wouldn't show, but the sales people said it could be fixed in a couple of days. No one was really sure how many miles it had on it, but they assured me that it was a brand new truck and they would fix the speedometer in a couple of days. So the finance/contract guy just put 350 miles down for the sale mileage and plaintiff agreed to that as long as the actual mileage could be determined within the next couple of days when they fixed it. While Plaintiff drove the truck home, there was a loud screech coming from the front and it smelled like wires were burning. The next day plaintiff took the truck back to TC Chevy and told them about the problems. The

Page 1 - COMPLAINT ALLEGING VIOLATIONS OF OREGON UNLAWFUL TRADE
PRACTICES ACT, THE FDIC FAIR CREDIT BILLING ACT AND CREDIT PRACTICES
RULE, BREACH OF GOOD FAITH DUTY, BREACH OF FIDUCIARY DUTY, AND FRAUD

problems couldn't be reproduced and the speedometer couldn't be fixed either.  Plaintiff was scheduled for another time.  Plaintiff discovered he didn't have an owner's manual. Plaintiff was given his owner's manual three weeks later.  Two weeks later Plaintiff discovered the bumpers on his "Work Truck" were 75% plastic.  TC Chevy could not fix the speedometer either.  Up to that point, all the mileage put on the truck was back and forth to TC Chevy.  At that point, Plaintiff told the salesman that the "Work Truck" didn't have steel bumpers and it was a lemon and he didn't want anything more to do with the truck and he was going to leave it on the lot.  The new sales manager told plaintiff he would have the truck towed to the impound yard and plaintiff would have to pay all the expense, if he left it on the lot.  Plaintiff asked the sales manager if he'd like to talk to his attorney.  The sales manager said not to do that because then he couldn't work anything out with plaintiff.  So, plaintiff left TC Chevy and called to schedule a repair on the speedometer.  The next time Plaintiff arrived at TC Chevy he was told that the new 2007-2008 parts that would fix the speedometer and the trailer brake electrics were defective and it would take time for GM to work that out.  So, he was scheduled for another stab at the electrics and this time an older used part was used to replace the defective part and plaintiff finally received the owner's manual.  The system finally worked, but the burning wire smell didn't go away and the mileage that ended up on the truck didn't add-up.  TC Chevy offered to get Plaintiff another truck but couldn't do it in time to make it work for the monthly payments, which was approximately two months later.  Plaintiff talked to his attorney about the problem in the middle of November 2007 and the

Page 1 - COMPLAINT ALLEGING VIOLATIONS OF OREGON UNLAWFUL TRADE PRACTICES ACT, THE FDIC FAIR CREDIT BILLING ACT AND CREDIT PRACTICES RULE, BREACH OF GOOD FAITH DUTY, BREACH OF FIDUCIARY DUTY, AND FRAUD

first of December 2007, when his attorney sent a letter to TC Chevy citing the law. The letter told TC Chevy to contact the finance company and tell them about the problems. TC Chevy apparently did not contact the finance company because Bank of America kept billing the plaintiff. Bank of America called plaintiff after about two or three months of not receiving any payment and plaintiff told Bank of America about the problems and to contact TC Chevy about the problems followed with a letter that said the same. The representative for Bank of America told plaintiff over the phone that he would place notes in the account about the matter. There were no more phone calls about the matter, so plaintiff assumed the matter was taken care of. Then plaintiff received another bill from Bank of America and later that month the truck was repossessed in the middle of May 2008, but wasn't sold until June 24, 2008. Plaintiff had written to the GM arbitration department about the problems, but the only thing that was received back from GM was a couple of evaluation forms. It was like General Motors Inc. didn't care about the problems with their agents or their truck. Plaintiff sent the evaluation forms and they completely ignored the plaintiff and his problems.

## Cause of Action

6. All allegations in paragraph 5. are incorporated with the following causes of action herein:

a. The lender/creditor, Bank of America is liable for breach of its duty of good faith to forbear or to exercise remedies otherwise available to it. Bank of America also misrepresented and/or falsified information to the credit bureaus.

Page 1 - COMPLAINT ALLEGING VIOLATIONS OF OREGON UNLAWFUL TRADE
PRACTICES ACT, THE FDIC FAIR CREDIT BILLING ACT AND CREDIT PRACTICES
RULE, BREACH OF GOOD FAITH DUTY, BREACH OF FIDUCIARY DUTY, AND FRAUD

   b.   Where Bank of America received information that their was a problem with the sale contract, the manufacturer, seller, and the vehicle itself, having multiple problems that couldn't be repaired on time to make prompt payment to Bank of America available, and Bank of America ignored the information and failed to act with due diligence in a responsible manner.

   c.   Where TC Chevy had the duty to disclose the problems with the vehicle and the contract to General Motors and Bank of America and chose not to, committed the act of fraud.

   d.   Where TC Chevy provided used/old parts to temporarily repair the vehicle, and could not repair the vehicle in that manner anyway, since that was not the root problem committed fraud.

   e.   Where TC Chevy chose not take the truck back after it was shown that there was a question as to breach of contract.

   f.   Where TC Chevy ignored customers request and sold the wrong vehicle to customer and denied consumer rights to customer, and in all, caused economic duress.

   g.   Where General Motors Corporation ignored plaintiffs request for arbitration and along with the other parties caused plaintiffs economic duress.

   h.   Where General Motors Corporation manufactured and sold a defective and deficient product that was falsely promoted as a durable "work truck".

   i.   Where, together, all three of the defendants separate and combined breach of their duty of good faith to buyer/borrower; breach of their fiduciary duties, including breach of warranty, defendants' negligently caused economic duress and irreparable harm to plaintiff's livelihood and welfare through

Page 1 - COMPLAINT ALLEGING VIOLATIONS OF OREGON UNLAWFUL TRADE PRACTICES ACT, THE FDIC FAIR CREDIT BILLING ACT AND CREDIT PRACTICES RULE, BREACH OF GOOD FAITH DUTY, BREACH OF FIDUCIARY DUTY, AND FRAUD

violation of the Uniform Commercial Codes (UCC) of the United States and the State of Oregon; the FDIC Fair Credit Billing Act and Credit Practices Rule; violation of the Oregon Unlawful Trade Practices Act; and fraud.

### Remedies

7. Above all, plaintiff should be given his good credit rating back with no record of bankruptcy. If this is an available remedy, plaintiff needs $55,000.00 in compensatory and punitive damages and any other remedy the court may have or may deem proper and equitable.

8. If this is not an available remedy, plaintiff needs $1,500,000.00 dollars in compensatory and punitive damages and any other remedy the court may have or may deem proper and equitable.

Dated this 16th day of January, 2009

*/s/ Michael R. Ware*
MICHAEL R. WARE
3491 Sterling Crk. Rd.
Jacksonville, OR 97530
541-899-2785

| B104 (10/06) ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>MICHAEL ROSS WARE | **DEFENDANTS**<br>Bank of America Inc.<br>Town and Country Chevrolet Inc.<br>General Motors Corporation Inc.<br><br>CLERK, U.S. BANKRUPTCY COURT<br>DISTRICT OF OREGON<br>**JAN 2 0 2009**<br>LODGED_____ REC'D_____ |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>3491 STERLING CRK RD<br>JACKSONVILLE, OR 97530 | **ATTORNEYS** (If Known) PAID_____ DOCKETED_____ |
| **PARTY** (Check One Box Only)<br>☒ Debtor  ☐ Creditor  ☐ Trustee  ☐ U.S. Trustee  ☐ Other | **PARTY** (Check One Box Only)<br>☐ Debtor  ☒ Creditor  ☐ Trustee  ☐ U.S. Trustee  ☐ Other |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Breach of Good Faith and Fiduciary Duties and COMPLAINT ALLEGING VIOLATIONS OF OREGON UNLAWFUL TRADE PRACTICES ACT, THE FDIC FAIR CREDIT BILLING ACT AND CREDIT PRACTICES RULE, BREACH OF GOOD FAITH DUTY, BREACH OF FIDUCIARY DUTY, AND FRAUD

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c), (d), (e)

**FRBP 7001(5) - Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
☐ 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
☐ 61-Dischargeability §523(a)(5), domestic support
☐ 68-Dischargeability §523(a)(6), willful and malicious injury
☐ 63-Dischargeability §523(a)(8), student loan
☐ 64-Dischargeability §523(a)(15), divorce/sep property settlement/decree
☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
☒ 71-Injunctive relief - reinstatement of stay
☒ 72-Injunctive relief - other

**FRBP 7001(8) - Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) - Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) - Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 USC §§78aaa et. seq.
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $TBA |

**Other Relief Sought**
Plaintiff's good credit re-established and no record of filing bankruptcy and $25,000.00 compensatory and punitive damages or otherwise $1,500,000.00 compensatory and punitive damages.

APCS-B104 (10/16/06)    Page 1 of 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Michael Ross Ware | | BANKRUPTCY CASE NO.<br>08-62504-fra7 |
| DISTRICT IN WHICH CASE IS PENDING<br>Oregon | DIVISIONAL OFFICE<br>Eugene | NAME OF JUDGE<br>Judge Alley |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | | |
| DATE<br>1/16/09 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Michael Ross Ware | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the adversary proceeding is filed electronically through the court's ECF system. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.