# United States Bankruptcy Court
# for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



405 East Eighth Ave., Suite 2600
Eugene, Oregon 97401
(541) 431-4055
FAX: (541) 431-4048

February 25, 2009

Mr. Michael Ware
3491 Sterling Creek Road
Jacksonville, OR 97530

Mr. David Mills
115 W. 8th Ave. #280
Eugene, OR 97401

Re: <u>Ware v. Bank of America et al.</u>  09-6007-fra

    The Debtor/Plaintiff filed a complaint against defendants Bank of America and others, seeking money damages for common law causes of action as well as violations of the UCC and of various state and federal consumer protection statutes. The causes of action alleged in the complaint relate to Plaintiff's purchase of a pick-up truck in October 2007, prior to the date Plaintiff filed his chapter 7 bankruptcy petition - July 14, 2008.

    The Chapter 7 Trustee, Mr. Wurst, filed a motion in this adversary proceeding to intervene as party plaintiff. The Trustee seeks to intervene under Fed.R.Civ.P. 24 which provides that a person may intervene who is given an unconditional right to intervene by federal statute, or claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action without intervention may impair or impede the movant's ability to protect his interest.

    The Plaintiff objects to the motion on the grounds that it is unclear to him from the wording of the motion as to whether the Trustee would intervene as plaintiff or mediator. He also objects on the basis of fairness and alleges a prejudice that judges and attorneys have for pro se litigants.

## DISCUSSION

    When Plaintiff filed his bankruptcy petition, all legal or equitable interests of the Debtor in property as of the commencement of the case, with limited exceptions not applicable here, became property of the bankruptcy estate. Code § 541(a)(1). That includes the Debtor's interest in potential lawsuits against third parties. When the bankruptcy estate was created, the Trustee was appointed to administer property of the estate and to "collect and reduce to money the property of the estate for which such trustee serves . . . ." Code § 704(a)(1). The Trustee is thus

Mr. Ware and Mr. Mills
February 25, 2009
Page - 2

the person that, by statute, has standing to enforce claims against third parties relating to property of the bankruptcy estate.

      Because the lawsuit is property of the estate, the Debtor lacks standing to prosecute the claims as plaintiff. The Trustee's interest in the lawsuit, as the person permitted by law to administer property of the estate, would thus be irreparably compromised unless he is permitted to intervene.

## CONCLUSION

      For the reasons given above, the Trustee's motion to intervene as plaintiff in this adversary proceeding will be granted. An order to that effect will be entered by the court.

      Very truly yours,

      FRANK R. ALLEY, III
      Bankruptcy Judge